PER CURIAM.
An order granting partial summary judgment in favor of the defendant-apartment complex owner and transferring the remainder of the cause to the county court has come on for review by this court. We affirm in part and reverse in part.
Sharon Sachs, who suffered the loss of some nineteen items of jewelry when her apartment was burglarized, sued the apartment complex owner [Midway Development Corporation], its liability insurance carrier [American Mutual Insurance Company], and others.[1] She alleged that the owner breached its contract or was negligent in failing to provide adequate security and that this failure resulted in the loss of her jewelry and caused her severe emotional distress. She claimed actual damages in excess of $2,500, with a particular claim for punitive damages in the amount of $25,000.
In ruling on various motions, the trial court granted a summary judgment in favor of the apartment complex owner on the claim for emotional distress, reserved ruling on the punitive damages question, and transferred the remainder of the cause to county court, apparently due to lack of jurisdictional amount.
We agree with the lower court’s disposition of the claim for emotional distress because Ms. Sachs did not allege such conduct on the part of the defendants as would support such a claim. Gellert v. Eastern Air Lines, Inc., 370 So.2d 802 (Fla.3d DCA 1979).
We find, however, that the trial court improperly transferred the cause to the county court. First, the trial court did not rule on the punitive damages which left unresolved a claim for $25,000. Secondly, the discovery available to the court showed only the cost of the items of jewelry at the time that they were purchased; the record did not disclose the value of the articles at the time they were stolen. Since the various items of jewelry were purchased over a time period that spanned the years 1964 to 1973, the jewelry could conceivably be worth a great deal more than the $900 initially paid. Thus, the trial court erred in transferring the cause to county court on the basis of insufficient jurisdictional amount.
Affirmed in part; reversed in part.

. The other parties below are not parties to this appeal.